# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CHEKITHA COLLINS**　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　　　**Case No.:** 4:22CV185-DMB-DAS

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Jury Trial Demanded**

**GRENADA STAMPING AND ASSEMBLY, INC.**
**d/b/a ICE INDUSTRIES GRENADA,**　　　　　　　　　　　　　　**DEFENDANT**

## COMPLAINT

COMES NOW, Plaintiff Chekitha Collins ("Plaintiff" or "Collins"), pursuant to the Federal Rules of Civil Procedure, and hereby files this lawsuit against Grenada Stamping and Assembly, Inc. ("Defendant" or "Company"), and for cause, shows the following:

### I. INTRODUCTION

As more specifically set forth herein, Plaintiff alleges that Defendant violated rights secured to her under federal civil rights statutes, including Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and the Family and Medical Leave Act ("FMLA"), among others.

### II. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. 2000e et. seq., and 42 U.S.C. § 1981.

2. Venue is proper in this District as Plaintiff is a resident of this District, was employed by Defendant in this District, and the causes of action arose in this District within the meaning of 28 U.S.C. § 1391.

### III. PARTIES

3. Plaintiff Chekitha Collins ("Collins") is a female adult citizen of Grenada County, Mississippi.

4. Defendant, Grenada Stamping and Assembly, Inc. d/b/a Ice Industries Grenada is a foreign corporation registered to do business in Mississippi and regularly doing business in this district at 635 Highway 332, Grenada, Mississippi 38901. It may be served through its registered agent, CT Corporation System, at 645 Lakeland East Dr., Ste. 101, Flowood, MS 39232.

### IV. FACTS

5. Collins, a black female, was hired by Defendant in March of 2015 as a clerk and maintained a 40-hour work week with her position. She was a good employee with a good work record, and she was regularly promoted due to her competence and good work ethic.

6. On or about October 8, 2021, Plaintiff was promoted to Senior Financial Data Analyst.

7. During a Company event serving dinner to a group of employees in early November 2021, Plaintiff was subjected to a racially charged written message which made reference to a Jim Crow law suggesting that she belonged in the back and was not welcome.

8. Plaintiff complained to the HR Director, Melissa Acy, and her immediate supervisor, Garrett Beck, about it. The HR Director and Melissa Acy held a meeting with Collins informing her "to get over" what happened. Garrett Beck informed Collins that a white individual would never apologize to a black individual regardless of what happened and that she needed to just let it go.

9. Plaintiff was surprised and shocked by the reaction of the Defendant Employer to the racial hostility and the fact that Defendant was so quick to dismiss it.

10. Plaintiff had to take FMLA leave right after this time due to increased stress and anxiety.

11. Plaintiff returned from FMLA leave on November 22, 2021.

12. A couple of days later, Defendant wrote Plaintiff for "sending emails outside the office to her personal email address." Plaintiff had been doing this for a long time, and upon information and belief, other employees did this as well because of issues from time to time with the company's email system.

13. In January of 2022, Defendant sent out open enrollment schedules for employees benefits to employees which was typically done during that time of year. Defendant excluded Plaintiff from the list this year, even though Plaintiff was purportedly still employed with Defendant and had worked there about six years.

14. Plaintiff was out with Covid on January 10, 2022. Plaintiff communicated directly with the safety manager and followed past practice and protocol in communications about her illness and time off needed to recover from Covid.

15. Plaintiff's mother was living with her during this time. She too tested positive for Covid and thus Plaintiff needed additional leave to care for mother's illness and to recover herself as Plaintiff continued to have severe and lagging symptoms from Covid. Plaintiff continued to communicate with Defendant through company texts and even with phone call(s) with the local Human Resource Manager.

16. On Saturday, January 29, 2022, Plaintiff learned that Defendant terminated her for abandoning her job, even though Plaintiff had informed Defendant about that she needed to care for her mother with Covid and had continued to have severe and persistent symptoms from Covid.

Defendant claimed that it needed additional documentation regarding her mother's diagnosis and that Plaintiff had until January 31st to provide it.

17. Nevertheless, Defendant terminated Plaintiff on January 29th. Plaintiff always had the requested documentation regarding her mother's diagnosis, but she was never given a chance to provide it to Defendant once she finally learned that Defendant had requested it.

**COUNTS ONE and TWO**
**DISCRIMINATION IN VIOLATION OF**
**TITLE VII and 42 U.S.C. §1981**

18. Plaintiff Collins timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Collins received a Notice of Right to Sue from the EEOC within ninety (90) days of the filing of this Complaint.

19. At all times relevant, Collins was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e ("Title VII"), and belongs to a class protected under Title VII and 42 U.S.C. §1981, namely, race, black.

20. At all times relevant, Defendant was an employer of Plaintiff Collins within the meaning of Title VII, 42 U.S.C. §2000e and 42 U.S.C. §1981.

21. Defendant intentionally discriminated against Plaintiff because of her race, black, in violation of Title VII, 42 U.S.C. § 2000e-2 and 42 U.S.C. §1981.

22. In particular, Defendant intentionally discriminated against Collins on the basis of her race, black, by subjecting her to a hostile work environment and harassment because of her race, black, and by terminating her for a pretextual reason.

23. Collins suffered the following injuries as a direct and proximate result of Defendant's unlawful discrimination:

(a) Collins was unlawfully discriminated against on the basis of her race, black, when she was harassed and then terminated by Defendant;

(b) Collins suffered loss of wages and benefits and other pecuniary losses;

(c) Collins was also caused to suffer embarrassment, humiliation, anxiety, mental anguish, and emotional distress, among other things.

23. Collins is entitled to an award of attorney fees, expert witness fees, and costs under Title VII, 42 U.S.C. §2000e-5(k).

24. Collins is also entitled to compensatory damages, as well as punitive damages, for Defendant's intentional misconduct. 42 U.S.C. §1981a.

## VI.  COUNT THREE
### RETALIATION IN VIOLATION OF TITLE VII AND 42 U.S.C. §1981

25. Plaintiff Collins timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Collins received a Notice of Right to Sue from the EEOC within ninety (90) days of the filing of this Complaint.

26. At all times relevant, Collins was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e ("Title VII"), and belongs to a class protected under Title VII and 42 U.S.C. §1981, namely, race, black.

27. At all times relevant, Defendant was an employer of Plaintiff Collins within the meaning of Title VII, 42 U.S.C. §2000e and 42 U.S.C. §1981.

28. As described herein, Plaintiff was subjected to a hostile work environment and harassment based upon her race, black, violation of Title VII, 42 U.S.C. § 2000e-2 and 42 U.S.C. §1981.

29. Plaintiff complained to her supervisors and management about a racially charged matter and discrimination, and they did not do anything to assist her.

30. Defendant shortly thereafter started to harass and retaliate against Plaintiff because of Plaintiff's complaint about racial discrimination by disciplining her without good reason and then looking for ways to terminate her and eventually terminating Plaintiff without good cause. The purported reason given for terminating Plaintiff in late January was a pretext for covering up unlawful retaliation.

31. Collins suffered the following injuries as a direct and proximate result of Defendant's unlawful discrimination:

   (a) Collins was unlawfully retaliated against for complaining about and reporting unlawful racial discrimination;
   (b) Collins suffered loss of wages and benefits and other pecuniary losses;
   (c) Collins was also caused to suffer embarrassment, humiliation, anxiety, mental anguish, and emotional distress, among other things.

32. Collins is entitled to an award of attorney fees, expert witness fees, and costs under Title VII, 42 U.S.C. §2000e-5(k).

33. Collins is also entitled to compensatory damages, as well as punitive damages, for Defendant's intentional misconduct. 42 U.S.C. §1981a.

### VII. COUNT FOUR
### RETALIATION FOR EXERCISING RIGHTS UNDER
### THE FAMILY AND MEDICAL LEAVE ACT

34. At all times relevant, Plaintiff was an employee as defined by the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2611(2).

35. At all times relevant, Defendant was an employer as defined by the FMLA, 29 U.S.C. §2611(4).

36. As described herein, Plaintiff exercised her rights under the FMLA by taking FMLA leave for her serious health condition during the middle of November 2021.

37. When Collins returned from her FMLA leave, Defendant immediately disciplined her for no good reason and started looking for a reason to terminate her.

38. As described herein, in early January, Defendant indicated that Plaintiff was no longer eligible for employee benefits and later terminated Plaintiff for a pretextual reason and without good cause. These actions were taken in retaliation for Plaintiff exercising her FMLA rights in November.

39. Defendant's actions as described herein violated the FMLA, 29 U.S.C. §2615.

40. Defendant's actions in retaliating against Plaintiff were intentional in nature, and it knew, or should have known, that its action were violating federal law.

41. As a result of Defendant's unlawful actions, Plaintiff has lost compensation and employee benefits, among other things.

42. Under the FMLA, Plaintiff is entitled to lost pay damages (lost wages, employee benefits, and other compensation), as well as liquidated damages, costs, expert witness fees, and costs as allowed under federal law. See 29 U.S.C. §2617.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff Collins requests that, after a trial by jury, the Court enter a judgment against Defendant awarding Collins the following relief:

1. Back pay, value of lost employee benefits, and/or lost compensation and value of employee benefits;

    2.       Front pay or reinstatement;

    3.       Compensatory damages for emotional distress and mental anguish in an amount to be proved at trial;

    4.       Liquidated damages and/or punitive damages in an amount to be proved at trial;

    5.       Pre-judgment and post judgment interest;

    6.       Reasonable attorney fees, expert witness fees, and costs;

    7.       Injunctive relief in the form of an order directing Defendant to undergo EEO training and to implement anti-discrimination policies in all of its locations in Mississippi; and,

    8.       Such other general and specific relief to which Plaintiff Collins is entitled.

Respectfully submitted,

*/s/ James D. Harper*
James D. Harper, MS Bar No. 99386
Harper Little & McKenzie, PLLC
800 College Hill Rd., #5201
P.O. Box 3150
Oxford, Mississippi 38655
Tel:    662-234-0320
Fax:   662-259-8464
james@harperlittlelaw.com

*Attorneys for Plaintiff*

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff Chekitha Collins, in accordance with Federal Rule of Civil Procedure 38, asserts her rights under the Seventh Amendment to the U.S. Constitution and demands a trial by jury on all issues.

*/s/ James D. Harper*
James D. Harper

*Attorney for Plaintiff*